UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Case No. 2:18-cr-204

Shawn Nelms,

Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Defendant recently wrote to the Court. Letter, ECF No. 789. In his letter, he requests certain documents from this case and voices concerns about his appellate counsel. *Id*. To whatever extent Defendant's letter is a motion, it is **DENIED WITHOUT PREJUDICE**.

Defendant has filed a notice of appeal. ECF Nos. 776 & 777. That notice divested this Court of jurisdiction over Defendant's case. *See United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (explaining that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" (cleaned up)). Thus, the Court lacks authority to grant Defendant's motion.

There is a limited exception to the rule that a notice of appeal divests the district court of jurisdiction: after the filing of the notice, a district court retains "limited jurisdiction to take actions in aid of the appeal." *Id*. (internal quotation marks and citations omitted). To whatever extent Defendant's motion requests

actions that fit within this narrow exception, it is still denied because Defendant must file motions through counsel.

Criminal defendants have a constitutional right to represent themselves. *Faretta v. California*, 422 U.S. 806, 819 (1975). They do not, however, have a constitutional right to "hybrid" representation. *See United States v. Steele*, 919 F.3d 965, 975 (6th Cir. 2019) (affirming the district court's denial of a pro se motion for relief when the defendant was represented by counsel, explaining "[i]t is well settled that there is no constitutional right to hybrid representation" (internal citation omitted)). The decision to permit a defendant to have hybrid representation is within the discretion of the district court. *See United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987).

The Sixth Circuit has appointed counsel for Defendant.[1] *See* Doc. 13, Sixth Circuit Case No. 22-3522. The Court sees no reason to permit Defendant to have hybrid representation at this juncture. Accordingly, Defendant's motion is **DENIED WITHOUT PREJUDICE**. If Defendant wishes to move again for the same relief, he must do so through counsel or after counsel has been relieved.

The Clerk shall terminate ECF No. 789.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] To whatever extent Defendant is requesting new appellate counsel, he should aim that request at the court that appointed appellate counsel: the Sixth Circuit.